Good afternoon. Illinois Appellate Court First District Court is now in session. The First Division, the Honorable Justice Michael B. Hyman presiding, case number 1-9-0442, People v. Gregory McMillan. Good afternoon. I'm Justice Michael Hyman. With me is Justice Daniel Pierce and Justice Mariella Coghlan. I appreciate if each of you would please introduce yourselves. Good afternoon, Your Honors. My name is Carl Mundt. I'm with the Office of the State Appellate Defender on behalf of Gregory McMillan. Good afternoon, Your Honors. Assistant State's Attorney Alan Spellberg on behalf of the people of the state of Illinois. Thank you to both of you. You each have 20 minutes. Mr. Mundt, you can reserve part of your time for rebuttal. We conduct this as we would in a courtroom. We will interrupt you during your argument. You may finish your point because we're virtual. It's a lot easier if you finish your point and then please answer our question. Mr. Mundt, how long do you wish for rebuttal? About three minutes, please. That's fine. You may proceed. You may please the court and counsel. In this case, Gregory McMillan's post-conviction petition was advanced to the third stage of proceedings, but counsel did not conduct an evidentiary hearing on his claim. Rather, counsel orally moved to withdraw and the court allowed this. Then, the court allowed the state's oral motion to dismiss the petition without giving Mr. McMillan new counsel or an opportunity to respond to the motion. Both of these decisions were errors by trial court. Just to get to the quick, your argument is that both of those decisions were an error because in Illinois, they both must be made in writing. Yes, that's part of the argument for each one. I'm not saying the whole argument, but what you just argued as to those two oral motions, the law is that they should have been made in writing and not orally at a status hearing, as it turned out. That's correct. Yes. Under Illinois law, both of those motions should have been in writing. Mr. Mundt, I know the parties seem to be conceding that the judge granted the motion, but I don't see where in the record that's reflected. Which motion, your honor? The motion to withdraw. I guess I don't understand. It was everybody in the room was up like... I understand that everybody kind of thinks that based on what was said that the judge had granted the motion, but I don't see that. Obviously, there was not a written motion, so I guess it's not surprising there's not a written order. Unless I'm missing something, he never specifically ruled on the motion. I guess I don't recall his exact words on that, but certainly implicitly and based on the actions of all of the parties in the room, implicitly, the judge did allow her motion to withdraw because essentially he allowed her to explain her position, asked the state's position, and sort of then went on. A basis of the state's motion to dismiss was that now that counsel has withdrawn, we asked to have the motion to dismiss. So, it's possible the judge did not say the words, your motion to withdraw is granted, but certainly everyone proceeded as if that had happened. Well, don't you think the defendant had an explicit right to know that the judge specifically was granting the motion? I would agree with that. I think it should have been... And frankly, I think what your honor is getting at is part of the problem with everything that it all seemed a little off the cuff, so to speak, and just everybody was just kind of going, was kind of just, it was not as formal as perhaps it should have been. And again, maybe because it wasn't done in writing, it was just sort of the lawyer talking to the judge and going and then it was done. And as your honor pointed out, I don't believe anyone ever asked Mr. McMillan whether he objected to counsel's motion to withdraw or whether he had any response to it. And so, the whole procedure just seemed to... It almost as if it was a foregone conclusion when the attorneys walked in the room that they were going to be done with this by the end of the day. And it just, it didn't have the formality that these two types of motions should have had. Mr. Bunn, can I ask, is it your position that a motion to dismiss at the third stage is not a proper motion? I don't know that it's necessarily not a proper motion. It's certainly unusual because in a normal situation at the third stage, you would have the hearing, you would have the evidentiary hearing, and then the court would rule on the petition and either grant the petition or deny the petition. So, in that situation, there wouldn't necessarily need to be a motion from the state. At that point, the court is just entitled to that opportunity to have the court either grant or deny the petition at the third stage? I mean, that's my understanding of how it would generally occur at the third stage of proceedings is you have the evidentiary hearing, and then the judge either decides whether the claims in the petition were... Whether the defendant made a substantial showing of the claims in the petition. If so, the petition is granted. If not, the petition is denied. So, relief is either granted or denied, I guess is where I'm getting at. I would say... That's the point of moving to dismiss. There's already been a determination that there's a basis to proceed to third stage at third stage. Am I right? I agree. Everything about what happened here was unusual and confusing. And as I pointed out in the briefs, I was unable to find any case law that dealt with a motion to withdraw at the third stage because it just doesn't seem like the kind of thing that should happen, absent very extraordinary circumstances. And if that was the case here, I don't believe counsel adequately explained what those circumstances were to justify her request to withdraw as counsel. Well, what about a situation such as this one where counsel has no expert testimony to present simply because there isn't any? What is counsel supposed to do? Well, as I explained in the briefs, Your Honor, she could have gone forward with the hearing without experts. Nothing in the Post-Conviction Hearing Act requires her to have expert testimony. And these particular kinds of claims do not require, as a matter of law, that she have expert testimony. And how would she do that, Mr. Mott? Well, they could have had a, Mr. McMillan could have testified at the hearing. They could have presented his affidavit and the affidavits of Dr. Benson and Dr. Stone that were attached to the petition. I mean, as the state's brief pointed out, you can proceed by just proceeding on the petition and attachments and have the judge essentially rule based on the pleadings at that hearing. But they didn't have experts in this particular case. And it's your position that she wasn't under any ethical obligation to withdraw? Not based on the explanation she gave. And again, a part of the reason to have these kind of motions in writing is so that counsel can adequately lay out all of the basis for withdrawal. Here, it seemed her basis was, I don't have experts. I don't think I'm going to win without experts. So I can't go forward. Even if she didn't think she wasn't going to, if she did not, just because she thought she might not win without experts, doesn't mean she couldn't proceed without experts. The ethical rules only prohibit her from presenting a frivolous claim or a claim with no legal or factual merit whatsoever. But that's not the case here, as the judge already determined that the petition made a substantial showing. And we're well beyond the frivolous and patent without merit stage at this point. And for those reasons, the reasons that counsel gave for withdrawing simply are insufficient to establish her, I'm not sure if right to withdraw is the right word, her desire to withdraw. As discussed in Greer or Cuner, I don't recall which one, when the defendant has a statutory right to counsel in post-conviction proceedings, counsel's request to withdraw is an extraordinary request. Because they're essentially telling the court, he has a right to an attorney, but ethically, I cannot go forward. So in order, because it's such an extraordinary request, the burden is on counsel to establish why they need to take that extraordinary measure. And she simply did not do that in this case. So you're saying it was an abuse of discretion to allow her to withdraw if that's what he did? Yes, that would be my argument is that the judge should not have allowed her motion to withdraw because the oral motion and the reasons given were inadequate to establish her burden in that situation. Considering the situation before us, what you call unique, not normal, if we were going to rule in your favor then, what would the relief, what would be ordered? The relief we would be requesting would be to send it back for third stage proceedings with new counsel. At that point, that counsel can, you know, essentially assess the record and talk to Mr. McMillan and decide if they want to proceed on what they have, or if they would also like to withdraw, they can then file a proper motion and explain their basis why they want to withdraw and allow the judge to rule on that motion. You're not suggesting that there's nobody in the public defender's office that would be able to represent the petitioner, are you? Oh, no, not at all. Or even for that matter, that this attorney couldn't proceed, she just, your point is that he's entitled to counsel, I think. Yes, he's entitled to counsel as long as his petition is not frivolous, and there's no suggestion that at this point his petition is frivolous. In the brief, the reason we requested new counsel is, I believe it was, I don't remember which case, but one of the cases cited in the brief mentions that when a judge incorrectly allows a motion to withdraw, the proper remedy is to send it back and give them new counsel, so that sort of somebody with fresh eyes is taking a look at the situation, not somebody who's already made up their mind, so to speak, about how to proceed. Well, do you think there'd be a conflict if another public defender was appointed? I don't think there would be a conflict, because this isn't necessarily a claim that counsel was either, you know, a different attorney might have a different perspective. They might choose to proceed to a hearing with what... I guess what I'm getting at is we're talking about appointing the institution of the public defender. We're not appointing a specific public defender. Sure. So, because one public defender was allowed to withdraw, you're suggesting that he's entitled to another counsel, and you don't see a problem with another appointment to the public defender's office, albeit another public defender? I do not see an issue with that. I don't believe this creates a conflict with the office generally. Okay, thank you. Anything further that you have? Just briefly on the state's motion to dismiss, as I stated in the briefs, aside from it not being in writing, Mr. McMillan was never given any opportunity to respond to the state's motion, and in that situation, particularly where his counsel was just allowed to withdraw, or it appeared his counsel was just allowed to withdraw, it was particularly unfair for him to not have any notice of what the state's argument would be or chance to respond to that motion. And if there are no further... For these reasons, Your Honor... I'm not sure with that. Anyway, for these reasons, we would ask Your Honor to remand for additional post-conviction proceedings and the appointment of counsel. Thank you. Thank you. Mr. Stelberg? Thank you, Your Honor. May it please the court, counsel. I have to agree with Mr. Mundt. This was a very unusual situation. It was a very unusual circumstance. But what Mr. Mundt didn't identify was that at the very outset of the proceedings, when the assistant public defender filed the supplemental petition, she made it clear that expert testimony was going to be necessary in order to prove the claim in an evidentiary hearing. In the supplemental petition, she specifically pointed out that there should be an evidentiary hearing at which she could present her testimony to support the defense, the claim of involuntary intoxication. When Judge Hooks granted the motion to dismiss in part and denied it in part, and advancing the involuntary intoxication claim to third stage, he specifically said, I believe this claim is one that requires expert testimony. Then counsel did a diligent, demonstrably appropriate job by seeking out qualified expert witnesses who could provide the requisite testimony to establish the involuntary intoxication. But isn't that all besides the point because the law says it must be in writing. So we don't even get to what you're talking about because it was not in writing. The Supreme Court has said it should be in writing, must be in writing, must be in writing, end of story. Your Honor, I agree that Greer specifically says it should be in writing. And in this case, it wasn't in writing. But as Mr. Mundt recognizes, as the case organizes, it's not clear that Greer even actually fully applies to the scenario because we were in a third stage scenario. So it's no longer a question of an attorney saying that the claim is frivolous after the judge has ruled that it is not frivolous. What this is, is the attorney recognizing that she can't go forward. She has no good faith basis to proceed on the sole claim that has been advanced to a third stage proceeding. She's informing the court that she does not have the requisite facts that are necessary to establish. She tried to find them. But Mr. Spellberg, that's quite, with all due respect, that's not her call to make. That's the court's call, not the attorney's call. With all due respect, Your Honor, I think that an attorney does have an obligation to decide whether or not they have a good faith basis to go forward. The attorney can decide whatever they want and present it to the court, and then it's up to the court to determine whether or not the motion is going to be allowed. Yes, Your Honor, absolutely. But in this circumstance... Which didn't happen here because nothing was done in writing. Yes, Your Honor, I agree. But I just would like to highlight again that the fact that Judge Hooks' ruling advancing the matter to the third stage was specifically premised upon the potential availability of expert witnesses. When she discovered that she could not find experts to support the claim, that rendered it next to impossible to prove the claim. And I would highlight, I know that counsel stated that you don't need expert testimony in every case. In this type of instance, I believe Judge Hooks was absolutely correct that this type of claim does require expert testimony. I would direct you to the Harry decision where the Supreme Court pointed out that the most critical evidence of the involuntary intoxication claim was the expert testimony, because it's the only way to establish whether or not somebody has been intoxicated beyond the ability to form the culpable mental state outside of the... You may be correct, but doesn't the petitioner, since he's been granted a third stage evidentiary hearing, should he be given the opportunity to say, I'm resting, I want to testify, I'm resting on the pleadings, I don't have any experts, and then the judge can say, okay, you lose, denied. But doesn't the petitioner have the right to proceed to that hearing? I think he would have a right to proceed to the hearing, but he is represented by counsel, and this is very confusing, and I admit that because of the motion to withdraw, and as you correctly pointed out, when I was reading the record, I couldn't find the explicit granting of the motion to withdraw either. But what was happening in this instance is that the attorney who was there, who is obligated both ethically and legally to decide which evidence to present at the hearing, had made the determination that she couldn't present any evidence, that it was to pursue an involuntary intoxication defense at a post-conviction hearing without the expert testimony would be pursuing a meritless claim. I'm not saying it's frivolous, but it was clearly meritless without that testimony, and so she was not willing to advance it because ethically, it's not appropriate to advance a claim in that scenario. I'm sorry. Well, I was just going to say it's splitting hairs because if the lawyer decides I don't have the evidence to present to win my case or to make an arguable claim is a lot different than saying, therefore, I'm walking away from everything. The posture that this lawyer was in is just saying, okay, we're at the third, let's say we're at the third stage hearing, proceed. Here's my client. Here's the pleadings. We rest. Well, where are your experts? I don't have any experts. I have no evidence to present, judge. And then as Mr. Muntz said, the petition is either granted or not. So we sort of skip the step by conceding to the lawyer that she couldn't get an expert. Okay, you don't have an expert. Fine. Proceed with the hearing. You don't have any evidence. You lose, seems to me. It just would have been so much cleaner to deal with the issues. I agree with you, your honor. Okay. All right. But I would say just to add to the confusion that happens in this case, it's not clear if the case was dismissed, it was denied. Admittedly, and this is on behalf of the state attorney's office as well. There was a lot of discussion about various things, but I would point out that judge hooks at this point, he actually says on the transcript that he's denying the petition because there's no evidence. And so it's- He did use the word deny once, but he also used the word dismissal repeatedly. Right. I think the dismissal in response to our motion, I think he- Which I think he kind of, I mean, why didn't you file a written motion to dismiss? Why was there an oral motion to dismiss me? And well, obviously I wasn't there at the time, but what I believe occurred was the assistant state attorney was pointing out to the judge that the only reason why the matter had advanced from second stage to third stage was because of the expectation of expert testimony with the acknowledgement from the defense attorney, from the public defender that they could not get that expert. There was no reason to advance it to third stage. So he was hearkening back to the motion to dismiss. He reconsidered his allowance to proceed to the third stage. He essentially vacated that ruling, was back at the second stage and now was ruling on the state's motion to dismiss. I think that that could be one way of interpreting this record. And I admit that this is a confusing record. It is not clear and I'm not going to try and present otherwise. But what I do believe happened in this case was that Judge Hooks was faced with a post-conviction claim that he knew could not be proven because the essential evidence is not available, does not work within the scope of their ethical rules and bounds. And they tried to find the evidence wherever they could. And when they could not, and they asserted that in open court to the judge, what was going on, there was nothing further to litigate. And without a doubt, it does not meet all of the standard procedural requirements. And I'm not saying that the standard procedural requirements should be or can be disavowed in a typical case in any way. But if you look at the entire proceedings in this matter and see how the defendant's interests were presented and advocated for on behalf by the Cook County Public Defender's Office, and the judge was doing his best to ensure that the defendant's matters and issues were being considered. When you look at its entirety, this was not an unfair ruling, does not require to be remanded for additional proceedings with a new attorney, won't be able to find the testimony either. What about the absence of any input from the petitioner? Well, Your Honor, in this instance, normally the attorneys would be the ones who are entitled to focus on the oral motion to withdraw. Shouldn't the petitioner had some say in the matter? Yes, Your Honor, I would think that the career impugner that does seem to indicate that he does have a right. But at the same time, the defendant was there for the entire discussion of the proceedings. He did not object. He did not say anything. He did not offer to do anything. Did he have an opportunity though? My understanding from the record is he didn't have that opportunity. Your Honor, I think I may disagree with you on that because it shows, my reading of the record shows that Mr. McMillan was willing to speak up at various times throughout the proceeding. And so I'm not convinced that he didn't have an opportunity. I recognize the position that I'm stating that a defendant has to speak up in front of a judge who's granting a recognition. Did the judge specifically indicate he was not going to appoint additional or new counsel? Well, Your Honor, I think Greer says that that's appropriate. The attorney, but getting to Justice Hyman and Pierce's question, I mean, how can we expect the petitioner to speak up when the judge has already indicated? I'm not going to appoint another attorney. That's exactly what he said. Yes, Your Honor, but I don't think there's anything inappropriate about expecting a petitioner in this instance to speak up saying, hey, my claim is valid because he was speaking up at various times. I don't think there's anything wrong with, hey, I don't understand. He was speaking up about his hearing aid. That was the only thing I heard him speaking up about, saw, read him speaking up about. I agree, Your Honor. But I think that there is, in terms of what is expected from a petitioner or what's allowed from a petitioner in circumstances such as this, I don't think it's, I don't think it's beyond the pale to expect him to say something to speak up. If we disagree with you and we're going to send it back, what relief do you think would be for us to appropriately say? Under this messy situation, the reason I ask you is because it's messy, okay? So what, if you had your druthers, how would it proceed if you lost? Your Honor, thank you. And again, as I've said, this is a messy situation. Normally, as counsel stated, the proper remedy in a situation of an improper withdrawal is, or really any kind of 651 C type of violation is to remand it back for appointing a new counsel to resolve the matter and go forward. I don't think that that's appropriate in this instance, because what we do have in this record is clear demonstration by the attorneys of full compliance with 651 C. So I would suggest if there were to be a remand, that the proper remedy would be for further proceedings on the motion to withdraw, allowing the petitioner to decide if he wanted to proceed on the claim that was advanced to the third stage in his own right, with whatever evidence he can offer to support his cause. Because that's, that would put him back to the status quo ante that he was before the public defender moved to withdraw, to allow him to determine whether or not he wished to proceed. Any further questions? Any further, anything else you want to add, Mr. Stiller? No, just as we state in our brief, we would ask this in the circumstances. Thank you. Mr. Mott. I just have two brief points, Your Honors. Regarding Mr. Spelberg's comment that the counsel determined she had no good faith basis, and that the state and the judge said that this claim is meritless without experts. I disagree with that characterization. I agree that you could probably say that she was unlikely to win without experts, but I don't, I don't think it's an accurate statement to say that the claim is meritless without experts. The inability to prove up the claim is not the same as the claim not having merit. So a bit of a semantic difference, but I just wanted to point that out. And then in regards to the Mr. McMillan objecting, he did in fact object during this motion to withdraw. Mr. McMillan said the word objection, and the court told him, it's not your turn. I'm listening. Your attorney's had your turn. Please stop. And then never gave him any opportunity to say anything after that. So I just wanted to point out that Mr. McMillan did in fact object, but then was not given an opportunity to expand on that. If there are no additional questions, for the reasons stated in our briefs and in this argument, we ask your honors to remain for further proceedings with the appointment of new counsel. Excuse me. I want to thank both of you. That's an argument. I appreciate your forthcomingness and then I will take a case on revival and then do courts. Thank you very much.